J-S08013-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                        :            PENNSYLVANIA
                                          :
                   v.                             :
                                          :
                                          :
ISAAC NOEL TAYLOR                       :
                                        :
               Appellant           :        No. 1253 MDA 2023

Appeal from the PCRA Order Entered July 27, 2023
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0002718-2016

BEFORE:    OLSON, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:            **FILED: APRIL 4, 2024**

Appellant, Isaac Noel Taylor, appeals from the July 27, 2023 order dismissing, as untimely, his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541–9546. We affirm.

On September 20, 2018, after a three-day jury trial, Appellant was found guilty of attempted homicide, two counts of aggravated assault, simple assault, recklessly endangering another person, and harassment. Appellant's convictions arose from an incident that occurred on October 20, 2016 between him and his ex-girlfriend. In particular, Appellant

> beat, strangled, and stabbed [the victim], resulting in [her] suffering a broken nose, a broken orbital wall, a broken scapula, multiple broken ribs, shock, significant blood loss, trauma to her eyes, two punctured and collapsed lungs, a weakened

---

[*] Former Justice specially assigned to the Superior Court.

pulse, and three stab wounds to her upper arm, back, and chest.

*Commonwealth v. Taylor*, 2020 WL 215458, at *1 (Pa. Super. Jan. 14, 2020) (non-precedential decision). On December 3, 2018, the trial court sentenced Appellant to an aggregate term of 21 to 42 years' incarceration. *Id*. at *4. This Court affirmed Appellant's judgment of sentence on January 14, 2020. *Id*. Appellant did not seek further review.

On August 1, 2022, Appellant filed a *pro se* PCRA petition, contending that he "recently c[a]me across newly discovered evidence in the form of an illegal search and seizure warrant." Appellant's *Pro Se* PCRA Petition, 8/1/22, at *1 (unpaginated) (unnecessary capitalization omitted).[1] The search warrant was used to obtain Appellant's medical records from Geisinger Community Medical Center ("GCMC"), which were introduced during Appellant's trial. On October 11, 2022, counsel entered her appearance on Appellant's behalf and subsequently filed an amended PCRA petition the next day. On April 11, 2023, the PCRA court issued notice of its intent to dismiss Appellant's petition pursuant to Pa.R.Crim.P. 907, citing, *inter alia*, the untimeliness of Appellant's petition. On April 30, 2023, Appellant filed an

_____

[1] We note that Appellant was also convicted of simple assault and harassment at trial court docket CP-35-CR-0002396-2016. These convictions arose from a separate altercation with his ex-girlfriend on September 19, 2016. This Court affirmed Appellant's judgment of sentence at trial court docket number 2396-2016 on January 14, 2020. Appellant's PCRA petition filed August 1, 2022 and all subsequent filings only listed and concerned trial court docket number 2718-2016.

objection to the PCRA court's 907 notice.  On July 27, 2023, the PCRA court dismissed Appellant's petition.  This timely appeal followed.

Appellant raises the following issues on appeal:

1. [Whether the PCRA court erred in dismissing Appellant's petition?]

**See generally** Appellant's Brief at 10.

"On appeal from the denial of PCRA relief, our standard of review is whether the findings of the PCRA court are supported by the record and free of legal error."  **Commonwealth v. Abu-Jamal**, 833 A.2d 719, 723 (Pa. 2003).  The issue of timeliness is dispositive in this appeal.  "The timeliness requirement for PCRA petitions 'is mandatory and jurisdictional in nature.'" **Commonwealth v. Montgomery**, 181 A.3d 359, 365 (Pa. Super. 2018) (*en banc*), *appeal denied*, 190 A.3d 1134 (Pa. 2018) (citation omitted).  "The question of whether a petition is timely raises a question of law, and where a petition[] raises questions of law, our standard of review is *de novo* and our scope of review is plenary."  **Commonwealth v. Pew**, 189 A.3d 486, 488 (Pa. Super. 2018) (citation omitted).

A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final."  42 Pa.C.S.A. § 9545(b)(1).  "[A] judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Appellant's judgment of sentence

became final on February 13, 2020, at the expiration of the time for seeking review in our Supreme Court. As such, Appellant had until February 13, 2021, or one-year after his judgment of sentence became final, to file a timely PCRA petition. Appellant, however, did not file the current PCRA petition until August 1, 2022, almost two years after his judgment of sentence became final.[2] Accordingly, Appellant's PCRA petition is patently untimely.

An untimely PCRA petition may be considered if one of the following three exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

_____

[2] On appeal, Appellant contends that he previously filed a *pro se* "motion for extension of time to file a PCRA [petition]" on February 25, 2021 and, by failing to act upon Appellant's motion, the PCRA court not only "deprived" Appellant of "his rule-based right to counsel," but also erred in failing to consider the submission to be a timely PCRA petition, for which the appointment of counsel was required. Appellant's Brief at 18. Appellant's claim fails for two reasons. First, Appellant's February 25, 2021 filing is not included in the certified record and, as such, is "considered to be non-existent" for purposes of our review. *Eichman v. McKeon*, 824 A.2d 305, 316 (Pa. Super. 2003) (explaining that "an appellate court cannot consider anything which is not part of the record in [a] case" and, as such, [a]ny document which is not part of the official certified record is considered to be non-existent") (citations omitted). Second, even if Appellant's February 25, 2021 filing were included in the certified record and could be construed as a PCRA petition, it would still be patently untimely because it was filed 12 days after the expiration of the one-year filing period (February 13, 2021), which commenced when Appellant's judgment of sentence became final on February 13, 2020.

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1).  If an exception applies, a PCRA petition may be considered if it is filed "within one year of the date the claim could have been presented."  42 Pa.C.S.A. § 9545(b)(2).

In his PCRA petition and his appellate submission, Appellant claims that he recently discovered that the search warrant used by the Commonwealth to obtain his medical records from GCMC was invalid and, as such, illegal. Appellant further alleges that the search warrant was not disclosed to or reviewed by defense counsel and, instead, was first discovered by Appellant in June 2022 after his mother obtained access to his medical records and he received a copy of the warrant.  *See* Appellant's Brief at 36.  Accordingly, Appellant argues that the PCRA court erred in dismissing his PCRA petition because the illegality of the search warrant constitutes a newly-discovered fact and because the Commonwealth engaged in governmental-interference by violating ***Brady v. Maryland***, 373 U.S. 83 (1963).  We disagree.

This Court previously explained:

The newly-discovered fact exception has two components, which must be alleged and proved.  Namely, the petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence.  If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

- 5 -

*Commonwealth v. Brown*, 141 A.3d 491, 500 (Pa. Super. 2016) (citation omitted).

In addition, our Supreme Court previously stated that

a *Brady* violation may fall within the governmental interference exception, the petitioner must plead and prove the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence.

*Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008).

Upon review, we conclude that the PCRA court did not err in dismissing Appellant's PCRA petition. Contrary to Appellant's claims, the "Commonwealth provided defense counsel with both the search warrant and a full copy of the obtained medical records relating to [Appellant's] case" before his trial, providing counsel with "more than an ample amount of time to review it/object to it." PCRA Court's 907 Notice, 4/11/23, at *1 (unpaginated). Hence, Appellant's claims that the Commonwealth impermissibly withheld the search warrant from defense counsel (and, relatedly, that the defense was unaware of the warrant) are belied by the record. As such, we affirm the PCRA court's order dismissing Appellant's PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 04/04/2024